IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MICHAEL MOTLEY,                          :
                                         :
            Petitioner,                  :
                                         :
                                         :
      VS.                                :        7 : 13-CV-170 (HL)
                                         :
ANTOINE CALDWELL, Warden,                :
                                         :
                                         :
            Respondent.                  :
_____

## RECOMMENDATION

Presently pending in this § 2254 action is the Respondent's Motion to Dismiss the Petition as untimely.  (Doc. 9).  The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").   The Petition was filed on December 30, 2013.  (Doc. 1).

The Petitioner challenges his 2000 Colquitt County conviction for malice murder.  The Petitioner pled guilty to malice murder on June 5, 2000.  (Doc. 1).  The Petitioner was sentenced to life imprisonment.  *Id.*  Petitioner appealed, and the Georgia Supreme Court affirmed the conviction on April 30, 2001.  *Motley v. State*, 273 Ga. 732, 546 S.E.2d 468 (2001).

The Petitioner filed a state habeas petition in the Superior Court of Calhoun County on July 2, 2001.  (Docs. 11-2, 11-3).  Following an evidentiary hearing, the state habeas court denied relief on September 16, 2002.  (Doc. 11-3).  Petitioner filed and then withdrew an application for a certificate of probable cause with the Georgia Supreme Court on October 15, 2003.  (Doc. 11-4).   Petitioner filed a second state habeas petition on February 15, 2011 in the Superior Court

of Wilcox County.  (Doc. 11-5).  The state habeas court dismissed the petition as untimely on November 1, 2011.  (Doc. 11-6).  The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal on January 7, 2013.  (Doc. 11-7).  Petitioner filed this federal habeas petition on December 30, 2013.  (Doc. 1).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".  The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).  When this one-year statute of limitation is applied to the facts herein it is clear that the Petitioner failed to file this federal habeas petition in a timely manner.

A review of the record reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the Petitioner.  Following the affirmance of Petitioner's conviction by the Georgia Supreme Court on April 30, 2001, the Petitioner had 90 days in which to file for a writ of certiorari with the United States Supreme Court.  Petitioner's conviction became final at the expiration of this 90-day period, on July 30, 2001, as Petitioner did not file for a writ of certiorari.  Pursuant to 28 U.S.C. § 2244(d), the Petitioner had one year from July 30, 2001, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.

The Petitioner did file a state habeas petition on July 2, 2001, and review of that petition was completed on October 15, 2003 when the Georgia Supreme Court accepted Petitioner's

withdrawal of his application to appeal the state habeas court's decision.   Accordingly, the one-year statute of limitations began to run on October 15, 2003, giving the Petitioner until October 15, 2004 to file this federal petition.   Petitioner did not file this federal petition in a timely manner, waiting until December 2013 to execute this federal petition.

To the extent that the Petitioner asserts that this petition is timely based on an intervening change in the law, § 2244 (d)(1)(C) provides that the one-year period of limitations may be calculated from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review".   The cases to which the Petitioner points as setting out changes in the law are decisions issued by Georgia courts in 2004 and 2008, and therefore cannot change the calculation of the one-year statute of limitations under § 2244.

Additionally, the Petitioner, who was notified of Respondent's Motion to Dismiss, has not established the basis for equitable tolling of the time limitation.   "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999).   Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief.   A petitioner is entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).   Moreover, the Petitioner bears the burden of showing "an appropriate degree of diligence for someone in his situation . . . [and] he still bears the burden of showing he did something to at least attempt to inquire into the status of his case." *Myers v. Allen*, 420 Fed.Appx. 924, 927-28 (11th Cir. 2011).

3

Finally, the Petitioner has not set forth any probative evidence of actual innocence.   "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013) (*internal citations omitted).*   A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."   *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 28th day of August, 2014.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**